[899 NYS2d 367]

In the Matter of GLENN B. ALLYN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 22, 2010

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gloria J. Anderson* and *Antonia P. Cipollone* of counsel), for petitioner.

*Glenn B. Allyn*, Tarrytown, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated December 12, 2007 containing 39 charges, as modified by stipulation dated July 11, 2008, and an amended petition dated December 13, 2007 containing 37 charges after charges 29 and 36 were withdrawn. After a preliminary conference on June 3, 2008, and hearings on July 15, 2008 and October 21, 2008, the Special Referee sustained all remaining 37 charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court may deem just and proper. In addition to submitting an affidavit in opposition to the Grievance Committee's motion to confirm the Special Referee's findings, the respondent moves to impose only

limited sanctions upon him and to disaffirm the report of the Special Referee. With respect to any charges sustained, the respondent requests that any public discipline be limited to a public censure.

Charges 1 through 5 emanate from the complaint of Mark Kalan, whom the respondent represented with respect to the publication of City Cycle Motorcycle News, a magazine published by Mr. Kalan's company, Motormag Corp. After Mr. Kalan was served with a judgment against that company, he began publishing the magazine through another of his companies, the previously inactive First Hudson Publishing (hereinafter First Hudson). The respondent entered into a business relationship with Mr. Kalan on behalf of the respondent's solely-owned company, A & H Capital Management Group, with regard to funding of First Hudson's magazine publication.

Charges 6 through 19 involve various improprieties in the respondent's handling of the law office of Glenn B. Allyn IOLA account at North Fork Bank. These charges include failing to title and identify the account properly, failing to maintain required bookkeeping records, disbursing escrow checks to cash, commingling personal and/or business funds with client funds, disbursing funds on deposit in the IOLA account for personal and/or business purposes, and making undocumented loans from his IOLA account to various businesses in which he and/or both he and his family members are principals.

Charges 20 through 28, 30 through 35, and 37 through 39 are based on various improprieties in the respondent's handling of Allyn, Hausner & Montanile's escrow account at North Fork Bank. The specific charges include the failure to maintain required bookkeeping records, disbursing escrow checks to cash, disbursing funds on deposit in the escrow account for personal and/or business purposes, making undocumented loans from his escrow account to various businesses in which he and/or both he and his family members were principals, commingling personal funds with client funds, disbursing funds held in trust for the benefit of a particular client without proper documentation, and failing to safeguard funds entrusted to him as a fiduciary, resulting in a negative balance.

Based on the respondent's admissions and the evidence adduced, we conclude that the Special Referee properly found that the remaining charges of the amended petition were proven by a preponderance of the credible evidence; accordingly, the Grievance Committee's motion to confirm the Special Referee's report

is granted. The respondent's cross motion to disaffirm the Special Referee's report, except for charges 6, 8 and 21, which were conceded by the respondent in his affidavit in opposition to the Grievance Committee's motion to confirm, and to limit any sanction imposed to a censure, is denied.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent previously was issued a letter of caution dated September 30, 2005 for neglecting a legal matter with which he had been entrusted.

The Grievance Committee also informed the Court of an admonition and a reprimand issued to the respondent on June 16, 2009 and September 18, 2009, respectively. The admonition emanates from a complaint by Steven Stuppler based on neglect of a legal matter entrusted to him and making a misrepresentation to the Grievance Committee. The respondent requested a hearing, in accordance with 22 NYCRR 691.6 (a), but asked the Grievance Committee to reconsider its findings before it scheduled a hearing. At its September 2009 meeting, the Grievance Committee reconsidered the Stuppler complaint and reaffirmed its findings. The Grievance Committee so informed the respondent and requested written confirmation of his intent to proceed with a subcommittee hearing. It advised the respondent that failure to do so would be construed as a withdrawal of his prior request for a hearing. Inasmuch as the respondent failed to contact the petitioner, the admonition is final.

The petitioner had issued an admonition to the respondent on February 9, 2009 in connection with a complaint by Lula Gross. The respondent sought a hearing and also requested reconsideration prior to scheduling a hearing. Based on new evidence, the petitioner withdrew one of its prior findings and issued a modified admonition on April 8, 2009. The respondent pursued his request for a hearing by a subcommittee of the Grievance Committee, which was held on September 10, 2009. The respondent testified on his own behalf and called a fact witness. The subcommittee made findings of fact which were confirmed by the full Committee at its September 2009 meeting.

The Grievance Committee issued a reprimand dated September 18, 2009, finding that the respondent took $14,000 of the sale proceeds of real property in which the complainant had an interest before he provided her with an invoice for his services and obtained her consent.

The Special Referee found particularly disturbing the respondent's failure to accept responsibility for or to even

understand fully that his actions constituted professional misconduct. The Special Referee took note of the respondent's recently changed procedures which he termed "too little, too late."

By way of mitigation, the respondent offers his record of community service, which includes pro bono work for the Rockland Family Shelter for abused women, his acceptance of pro bono divorce matters from Ninth District administrative judges, and his volunteer services as a soccer coach for underprivileged children and a ski coach in winter. He emphasizes that he has not been charged with conversion or misappropriation resulting in economic loss to clients. He stresses his remorse, his full cooperation with the Grievance Committee, and the absence of any venal intent. The respondent asks that the Court not be unduly influenced by the multiplicity of the "cumulative and repetitive" charges put forth by the Grievance Committee. He asks the Court to consider the hard economic times, the fact that he is the main support of his wife and two children, and the devastating impact that the loss of his law license would have on his family. Character witness Peter Goodrich, Esq., testified as to the lack of negative opinion about the respondent.

Although the respondent, at the hearing, acknowledged the "cloudiness" presented by his simultaneously being an attorney and major operative of his family businesses, the Special Referee noted that he repeatedly testified that his handling of his IOLA and fiduciary accounts was not improper in that funds belonging to his various business interests were deposited "incident to his practice of law." From the respondent's contradictory testimony, the Special Referee inferred "a weak understanding of the disciplinary rules relating to escrow accounts and the handling of client funds."

Under the totality of circumstances, the respondent is disbarred for his professional misconduct.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and COVELLO, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Glenn B. Allyn, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Glenn B. Allyn, shall continue to comply with this Court's rules governing the conduct of

disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Glenn B. Allyn is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Glenn B. Allyn, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).